UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 2:18-cr-20406-JTF-7 |
| ) | |
| **KENNETH HICKS,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING DEFENDANT'S MOTIONS TO SUPPRESS**

Before the Court is Defendant Kenneth Hicks' Motion to Suppress Statement (ECF No. 168) and Motion to Suppress Search (ECF No. 169), which were filed on January 3, 2020. The government filed its response opposing the motions on January 14, 2020. (ECF No. 174.) The motions were referred to the Chief Magistrate Judge, who held a hearing on the matter on February 20, 2020. (ECF Nos. 173 & 199.)  On May 27, 2020, the Chief Magistrate Judge issued a Report and Recommendation ("R. & R."), advising the Court to deny the motion to suppress Defendant's DNA evidence because it was lawfully obtained, and to deny as moot the motion to suppress Defendant's statements because the government has agreed not to introduce them at trial. (ECF No. 232, 15-16.) The Defendant filed objections to the R. & R. on June 10, 2020, and the government filed its response opposing those objections six days later. (ECF Nos. 237 & 239.)

For the following reasons, the Court finds that the R. & R. should be ADOPTED, and Defendant's Objections should be DENIED.

## **FINDINGS OF FACT**

In his Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 232, 1-3.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). The district judge may accept, reject or modify in whole or in part, the magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den.*, 448 U.S. 916 (1980). *See* 28 U.S.C. § 636 (b)(1)(B).

While most actions by a magistrate judge are reviewed for clear error, recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review. *United States v. Quinney,* 238 Fed. Appx. 150, 152 (6th Cir. 2007) and *Curtis*, 237 F.3d at 603. However, the district court need not review any aspect of the report and recommendation to which no specific objection is made. *United States v. Jones*, No. 2:13-cr-20157-SHL-dkv, 2014 U.S. Dist. LEXIS 106954, at *4 (W.D. Tenn. Aug. 5, 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985)).

## **ANALYSIS**

In his first motion, Defendant moves to suppress statements he made during a police interrogation. (ECF No. 168.) After Defendant requested an attorney, law enforcement asked him

additional questions about his cigarette usage. (*Id*. at 2.) The Defendant specifically seeks to suppress statements he made in response to these questions, i.e. "any statements that Hicks made to law enforcement after invoking his right to counsel." (ECF No. 168, 1.) In response, the government indicated that it would not introduce at trial, any statements "made by the Defendant to law enforcement after he requested an attorney." (ECF No. 174, 1.) Accordingly, the R. & R. advised that Defendant's motion to suppress these statements should be denied as moot. (ECF No. 232, 15-16.) In the absence of any objections, the Court adopts the Chief Magistrate's recommendation.

In his second motion, Defendant urges the Court "to suppress the warrantless search of his DNA," which law enforcement recovered from a cigarette butt Defendant discarded outside the FBI Field Office in Memphis, Tennessee. (ECF No. 169, 1, 3.) The Chief Magistrate Judge found that the search was lawful because the Defendant abandoned the cigarette butt and thus, had no reasonable expectation of privacy over the cigarette butt or the DNA it contained. (ECF No. 232, 6.) The Defendant objects, arguing that the R. & R. erred by concluding that law enforcement's analysis of Defendant's DNA was not a search for purposes of the Fourth Amendment and that Defendant abandoned his DNA while in custody. (ECF No. 237, 1, 6.) This mischaracterizes the Chief Magistrate Jude's findings.

The R. & R. does not dispute the Defendant's assertion that courts, in some instances, have found that DNA analysis constitutes a search under the Fourth Amendment. (*Id*. at 7) (citing e.g. *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 616 (1989); *United States v. Mitchell*, 652 F.3d 387, 407 (3d Cir. 2011); and *United States v. Davis*, 690 F.3d 226, 246 (4th Cir. 2012)). However, this does not mean that a warrant is necessarily required for law enforcement to analyze a suspect's DNA, like the Defendant asserts. As the R. & R. points out, the cases cited by

Defendant are distinguishable because here, Defendant abandoned the cigarette butt containing his DNA sample and in doing so, surrendered any expectation of privacy he had in the DNA profile that could be extracted from the sample. (ECF No. 232, 9) (quoting *Emerson v. Kelly*, No. 1:14-cv-00809, 2015 WL 3968250, at *14 (N.D. Ohio June 30, 2015) ("[A] person has no reasonable expectation of privacy in his or her DNA profile extracted from a lawfully obtained DNA sample.")). The Defendant's objections ignore the fact that his DNA was extracted from an object he voluntarily abandoned and thus, law enforcement lawfully obtained. As the R. & R. thoroughly discussed, Defendant's abandonment of the cigarette butt distinguishes his case from the authorities he cites. (ECF No. 232, 7.) Nothing in the Defendant's objections demonstrates that the Chief Magistrate's recommendation was in error.

Lastly, the Defendant argues that the R. & R. wrongfully relied on his statement, "here's your DNA," when concluding that he abandoned his DNA when he discarded the cigarette butt. (ECF No. 237, 7.) The Defendant contends that the government agreed not to use this statement in trial and thus, it should not have been considered by the R. & R. (*Id.*) The Defendant's argument is unpersuasive. The government agreed not to introduce the statements Defendant sought to suppress, that is, the responses he gave to questions regarding his cigarette use, which law enforcement asked Defendant after he requested an attorney. (ECF 174, 1.) Defendant's Motion to Suppress Statement made no reference to the "here's your DNA" comment that Defendant made after discarding his cigarette butt. Thus, it was not improper for the R. & R. to consider this statement as part of Defendant's overall conduct when determining if abandonment had occurred. *See* (ECF No. 232, 6) (quoting *United States v. Dillard*, 78 F. App'x 505, 510 (6th Cir. 2003) ("Abandonment is primarily a question of intent, and intent may be inferred from words, acts, and other objective facts."). Furthermore, the *Miranda* protections Defendant asserts over this

4

statement only apply during interrogation by law enforcement. *United States v. Elliott*, 876 F.3d 855, 866 (6th Cir. 2017). Defendant's comment, "here's your DNA," was made spontaneously, not in response to questioning from law enforcement. Thus, the Court finds that the R. & R. properly considered Defendant's statement as part of his overall conduct.

## CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation, and hereby **DENIES AS MOOT** Defendant's Motion to Suppress Statement (ECF No. 168), **DENIES** Defendant's Motion to Suppress Search (ECF No. 169), and **DENIES** Defendant's Objections.

**IT IS SO ORDERED** on this 11th day of December 2020.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge